IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:20-CV-00314-KDB-DSC

| | |
|---|---|
| LIVINGSTON & HAVEN, LLC, CLIFTON VAN IV, AND THOMAS AUFIERO, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| PHILIP J. MORIN III, FLORIO PERRUCCI STEINHARDT & FADER, LLC, FLORIO PERRUCCI STEINHARDT & CAPPELLI, LLC, FLORIO PERRUCCI STEINHARDT CAPPELLI TIPTON & TALOR, LLC, BRIAN R. TIPTON, AND TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

### MEMORANDUM AND RECOMMENDATION AND ORDER

**THIS MATTER** is before the Court on Defendants Florio Perrucci Steinhardt & Cappelli, LLC, Florio Perrucci Steinhardt & Fader, LLC, Florio Perrucci Steinhardt Tipton & Talor, LLC, Philip J. Morin, III, and Brian R. Tipton's "Motion to Dismiss" (document #12) filed June 25, 2020, as well as the parties' briefs and exhibits.

The Motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and is ripe for disposition.

1

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendants' Motion to Dismiss be denied.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Accepting the factual allegations of the Complaint as true, this action stems from Defendants' legal representation of Plaintiffs in an action filed in the United States District Court for the Middle District of Pennsylvania.

Plaintiffs Vann and Aufiero are residents of Mecklenburg County, North Carolina. Plaintiff Livingston & Haven ("L&H") is a North Carolina LLC. Defendant Florio Perrucci Steinhardt & Fader, LLC changed its name to Florio Perrucci Steinhardt & Cappelli, LLC, and then to Florio Perrucci Steinhardt Tipton & Talor, LLC (improperly identified as Florio Perrucci Steinhardt Cappelli Tipton & Talor, LLC) (Compl. ¶ 8; Mot. Dismiss 1). All are New Jersey LLCs and constitute the same law firm. Defendants Tipton and Morin are residents of New Jersey. Tipton is the firm's managing partner and chair of its litigation group. Morin was the primary attorney handling Plaintiffs' case (collectively the "law firm Defendants"). Defendant Travellers was Plaintiffs' insurance company. Travellers retained the law firm Defendants to represent Plaintiffs.

The underlying case was litigated in the Middle District of Pennsylvania (docketed as Civil Action No. 1:13-cv-3087). Once Travellers retained the law firm Defendants, Morin held two conference calls with Plaintiffs in North Carolina and assured them that he could adequately represent them in the Pennsylvania action. However, Morin was not licensed to practice law in Pennsylvania. Relying upon Morin's false representations regarding his skill and qualifications, Plaintiffs agreed to be represented by the law firm Defendants.

Over the course of the four-year litigation, Morin traveled to North Carolina to meet with Plaintiffs twice (Aff. Certification of Philip J. Morin, III, ¶ 19). On those trips, he defended depositions and prepared Plaintiffs for trial (Id.). For his in-person services, Morin generated income of $10,598.50 (Skinner Decl. ¶ 24). Plaintiffs received invoices in North Carolina (Id. at ¶ 15). Other communications directed at North Carolina included telephone and conference calls and over 1,000 emails (Skinner Decl. ¶ 20). Additionally, the law firm Defendants requested Plaintiffs' documents and electronically stored information from North Carolina (Id.). The law firm Defendants also requested North Carolina counsel Martin L. White to assist them rather than travel to North Carolina themselves (Id.).

On March 6, 2018, the district court in Pennsylvania found Plaintiffs liable for misappropriation of trade secrets and breach of fiduciary duties following a bench trial. Compensatory damages were awarded in the amount of $1,096,009. Plaintiffs subsequently commenced a state court action in Mecklenburg County Superior Court bringing claims for breach of fiduciary duty, constructive fraud, civil conspiracy, and legal malpractice against the law firm Defendants and Travelers.

On June 4, 2020, Defendants removed the action to this Court based upon diversity of citizenship.

On June 25, 2020, the law firm Defendants moved to dismiss for lack of personal jurisdiction and improper venue pursuant to FRCP 12(b)(2) and 12(b)(3) or alternatively to transfer venue to the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1404(a).

## II. DISCUSSION

### A. Motions to Dismiss for Lack of Personal Jurisdiction

In evaluating a motion to dismiss for lack of personal jurisdiction, all factual disputes must be resolved in favor of the non-moving party. See Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989); Vishay Intertechnology, Inc. v. Delta Int'l Corp., 696 F.2d 1062, 1064 (4th Cir. 1982); Gen. Latex and Chem. Corp. v. Phx. Med. Tech., Inc., 765 F. Supp. 1246, 1248 (W.D.N.C. 1991). The non-moving party must make a prima facie showing that the exercise of personal jurisdiction is proper. Id. A plaintiff must prove facts sufficient for the Court to find that it has personal jurisdiction. New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 294 (4th Cir. 2005).

Plaintiffs must show that the exercise of personal jurisdiction over Defendants complies with the forum state's long-arm statute and the constitutional requirements of due process. Ellicott Mach. Corp. v. John Holland Party Ltd., 995 F.2d 474, 477 (4th Cir. 1993). Since "the North Carolina long-arm statute [N.C. Gen. Stat. § 1-75.4] has been interpreted as the legislature's attempt to allow the exercise of personal jurisdiction in all cases where such jurisdiction does not contravene due process, [the] normal two-step inquiry merges into one." Econo Lodges Int'l v. Peck, No. 93-1519, 7 F. 3d 223 (Table), 1993 WL 369262, at *1 (4th Cir. Sep. 22, 1993), (citing Ellicott Machine, 995 F.2d at 477; Dillon v. Numismatic Funding Corp., 231 S.E.2d 629, 630 (N.C. 1977)); see also Thomas Centennial Commc'ns Corp., No. 3:05CV495, 2006 WL 6151153, at *2 (W.D.N.C. December 20, 2006).

To be consistent with the limitations of due process, a defendant must have "minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Minimum contacts may be established by showing "general" or "specific" jurisdiction. Helicopteres Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414 (1984).

Plaintiffs argue that the Court has specific jurisdiction over the law firm Defendants. The Fourth Circuit has "synthesized the due process requirement for asserting specific personal jurisdiction in a three-part test . . . (1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." Consulting Eng'rs Corp. v. Geometric Ltd., 561 F.3d 273, 278 (4th Cir. 2009) (quoting ALS Scan, Inc. v. Dig. Serv. Consultants, Inc., 293 F.3d 707, 712 (4th Cir. 2002)).

The Fourth Circuit has articulated several non-exhaustive factors to consider in determining purposeful availment, including: (1) "whether the defendant reached into the forum state to solicit or initiate business;" (2) "whether the defendant deliberately engaged in significant or long-term business activities in the forum state;" (3) "whether the defendant made in-person contact with the resident of the forum in the forum state regarding the business relationship;" and (4) "the nature, quality and extent of the parties' communications about the business being transacted." Universal Leather, LLC v. Koro Ar, S.A., 773 F.3d 553, 560 (4th Cir. 2014). The court's analysis is flexible and should look to the aggregate strength of the factors on a case-by-case basis. Id.

"Courts are split regarding whether out-of-state legal work on an out-of-state matter can subject an out-of-state lawyer to personal jurisdiction in the client's home forum." Newsome v. Gallacher, 722 F.3d 1257, 1280 (10th Cir. 2013). Courts that exercise personal jurisdiction in these cases reason "that attorneys can accept or reject representing clients in distant forums, and that those who accept such representation have 'fair warning' that they might be sued for malpractice in the client's forum." Id. (citing Keefe v. Kirschenbaum & Kirschenbaum, P.C., 40 P.3d 1267,

5

1272 (Colo. 2002)). Also, "the normal communications that make up an active attorney-client relationship are the sort of repeated, purposeful contacts with the client's home forum sufficient to establish personal jurisdiction." Id.

The Court finds this reasoning to be persuasive here. The law firm Defendants travelled to North Carolina during the course of their representation. They participated in depositions and trial preparation here. They also communicated with Plaintiffs in North Carolina by email and telephone. Plaintiffs provided documents and electronically stored information from North Carolina. Finally, the law firm Defendants made false representations to Plaintiffs in North Carolina, which arguably solicited their business. This conduct over the parties' four-year relationship is sufficient to establish purposeful availment by the law firm Defendants in North Carolina.

Next, "[a] plaintiff's claims . . . arise out of activities directed at the forum state if substantial correspondence and collaboration between the parties, one of which is based in the forum state, forms an important part of the claim." Tire Eng'g & Distribution, LLC v. Shandong Linglong Rubber Co., 682 F.3d 292, 303 (4th Cir. 2012). The substantial correspondence and collaboration that occurred between Plaintiffs in North Carolina and the law firm Defendants comprises an important part of Plaintiffs' fraud claim.

Finally, the Fourth Circuit's "reasonableness analysis is designed to ensure that jurisdictional rules are not exploited 'in such a way as to make litigation so gravely difficult and inconvenient that a party unfairly is at a 'severe disadvantage' in comparison to his opponent.'" Christian Sci. Bd. of Dirs. of First Church of Christ, Scientist v. Nolan, 259 F.3d 209, 217 (4th Cir. 2001) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 478 (1985)). As the Fourth Circuit has stated, "[f]airness is the touchstone of the jurisdictional inquiry." Tire Eng'g. &

Distribution, LLC, 682 F.3d at 301. Defendants will not be severely disadvantaged by litigating in North Carolina.

Accordingly, the undersigned respectfully recommends that the law firm Defendants' Motion to Dismiss for lack of personal jurisdiction be <u>denied</u>.

**B.  <u>Motion to Dismiss for Improper Venue</u>**

Venue is proper in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located or (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated. 28 U.S.C. § 1391(b) (2018). If there is no district in which an action may otherwise be brought as provided above, (3) venue is proper in any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to the action. <u>Id.</u>

When analyzing venue under Section 1391(b)(2), courts "should not focus only on those matters that are in dispute or that directly led to the filing of the action." <u>Mitrano v. Hawes</u>, 377 F.3d 402, 405 (4th Cir. 2004). Rather, courts should review "the entire sequence of events underlying the claim." <u>Id.</u> (citation omitted). Because "it is possible for venue to be proper in more than one judicial district," the question is not whether a given district is the best venue, but whether the events or omissions that occurred there are "sufficiently substantial." <u>Id.</u>

Venue is proper in this District pursuant to Section 1391(b)(2) because a substantial part of the events and omissions giving rise to the claims occurred here. The same contacts with North Carolina that support this Court's personal jurisdiction over the law firm Defendants also provide a basis for venue in this District.

Accordingly, the undersigned respectfully recommends that the law firm Defendants' Motion to Dismiss for improper venue be <u>denied</u>.

### C. <u>Motion to Transfer Venue</u>

Under 28 U.S.C. § 1404(a), a court may transfer venue in a civil action to any district or division where the action might have been brought, for the convenience of parties and witnesses and in the interest of justice. "An order allowing transfer of a matter to another district is committed to the discretion of the district court." <u>Archer Healthcare v. Cuthbert-Dutch</u>, No. 7:17-CV-175-BO, 2018 U.S. Dist. LEXIS 62772, at *4 (E.D.N.C. Apr. 12, 2018) (citing <u>In re Ralston Purina Co.</u>, 726 F.2d 1002, 1005 (4th Cir. 1984)). A transferor court may consider numerous factors, including the plaintiff's choice of forum, witness convenience and access, the convenience of the parties, where the events occurred that gave rise to the action, and enforceability of judgment. <u>Id.</u>

The burden is on the moving party to establish that transfer is appropriate. <u>Uniprop Manufactured Hous. Cmtys. Income Fund II v. Home Owners Funding Corp.</u>, 753 F. Supp. 1315, 1322 (W.D.N.C. 1990). When considering a § 1404(a) motion to transfer, "the plaintiff's choice of forum is accorded great weight, particularly where the plaintiff has brought suit in its home forum." <u>Rubbermaid Inc. v. Satellite Cooling, LLC</u>, No. 3:08CV284-C, 2008 U.S. Dist. LEXIS 104263, at *6 (W.D.N.C. October 15, 2008) (quoting <u>Piper Aircraft Co. v. Reyno</u>, 454 U.S. 235 (1981)). "Moreover, in [the Western] district, it is well settled that where the plaintiff has chosen the forum where it resides, transfer to another venue should be allowed only 'where the interests of justice weigh heavily in favor of transfer to another district.'" <u>Id.</u> Where "transferring venue would do little more than shift the balance of inconvenience from one party to another, the plaintiff's choice of forum is determinative." <u>Id.</u>

Both Plaintiffs and the law firm Defendants claim to have witnesses and evidence in the venue they believe is proper. Thus, transferring the case would only shift the inconvenience from the law firm Defendants to Plaintiffs. According greater weight to Plaintiffs' choice of a North Carolina forum, the undersigned respectfully recommends that the law firm Defendants' Motion to transfer this action to the Middle District of Pennsylvania be <u>denied</u>.

### III.　ORDER

**IT IS HEREBY ORDERED** that the law firm Defendants' Motion to transfer venue (document #12) is **DENIED.**

### IV.　RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that the law firm Defendants' "Motion to Dismiss" (document #12) be **DENIED**.

### V.　NOTICE OF APPEAL RIGHTS

The parties are hereby advised that pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. <u>Thomas v. Arn</u>, 474 U.S. 140, 147 (1985); <u>Diamond</u>, 416 F.3d at 316; <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003); <u>Wells</u>, 109 F.3d at 201; <u>Wright v. Collins</u>, 766 F.2d 841, 845-46 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

9

Case 3:20-cv-00314-KDB-DSC　Document 31　Filed 08/31/20　Page 9 of 10

The Clerk is directed to send copies of this Order to counsel for the parties and to the Honorable Kenneth D. Bell.

**SO ORDERED AND RECOMMENDED**.

Signed: September 15, 2020

David S. Cayer
United States Magistrate Judge