IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO.: 3:20-cv-00314-KDB-DSC

| | |
|---|---|
| LIVINGSTON & HAVEN LLC, CLIFTON VANN IV and THOMAS AUFIERO,<br><br>  Plaintiffs,<br><br>v.<br><br>PHILIP J. MORIN III, FLORIO PERRUCCI STEINHARDT & FADER LLC, FLORIO PERRUCCI STEINHARDT & CAPPELLI LLC, FLORIO PERRUCCI STEINHARDT CAPPELLI TIPTON & TALOR LLC, BRIAN R. TIPTON and TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,<br><br>  Defendants. | **PROTECTIVE ORDER** |

THIS MATTER is before the Court on "Plaintiffs' Motion for Entry of Protective Order" (document #47). Defendants have not responded to the Motion and the time for filing a response has expired. Accordingly, the Motion is granted.

Plaintiffs and Defendants are collectively referred to herein as the "Parties" and individually each a "Party."

**IT IS THEREFORE ORDERED AS FOLLOWS:**

1. This Order is intended to provide a mechanism by which any Party may designate otherwise discoverable information as confidential in order to afford it the protection provided by this Order. Nothing herein shall be construed as requiring any Party to produce confidential information that is otherwise protected from disclosure under the Federal Rules of Civil Procedure or other applicable rules and law.

{00766754-1}   1

2. This Order governs the use of all produced documents, responses to interrogatories or requests for admissions, deposition transcripts, deposition exhibits, documents produced by a third party pursuant to subpoena, or any other information, documents, objects, or things which have been or will be produced or received by any Party, witness or other third party during pre-trial proceedings in this action pursuant to the Federal Rules of Civil Procedure, as well as any and all copies, abstracts, digests, notes, and summaries thereof. These materials are collectively referred to herein as "Discovery Materials."

3. This Order is not intended to govern the use of Discovery Materials at any hearing or at the trial of this action. A Party intending to file or publish Confidential Materials at a hearing or trial shall first give at least five days advance notice to the other Parties. Questions regarding the protection or use of Discovery Materials during a hearing or at trial will be presented to the Court prior to or during such hearing or trial as each Party deems appropriate.

4. "Confidential Materials" means any Discovery Materials produced or disclosed by any Party, witness, or other third party which are deemed by a Party in good faith to contain trade secrets or other confidential, sensitive, or proprietary commercial, business, or personal information. Such materials may be designated by a Party as "CONFIDENTIAL" in the manner set forth below.

    a) In the case of documents or other written materials, by affixing to the first page of each such document, the word "CONFIDENTIAL" by label, stamp or other method which will make that word reasonably conspicuous, or when that is not feasible, by notifying opposing counsel in writing of such designation;

    b) In the case of video tapes, audio tapes, or other magnetic media, by affixing to the video tape, audio tape, or other magnetic media, or the case for said material, the word

"CONFIDENTIAL" by label, stamp, or other method which will make that word reasonably conspicuous;

        c)       Unless the Parties intend to designate all of the information contained within a particular document or deposition testimony as Confidential Materials, counsel for that Party should indicate in a clear fashion that portion of the document or testimony which is intended to be so designated;

        d)       Depositions may be designated Confidential by indicating that fact on the record at the deposition or within ten business days of receipt of the initial transcript. Within twenty business days of receipt of the initial deposition transcript, the designating Party shall advise the court reporter and opposing counsel of the specific pages and lines in which Confidential information appears. Those specific pages and lines shall be the only portions of the depositions deemed to be Confidential. The court reporter shall supplement the transcript to mark the specific pages and lines designated as CONFIDENTIAL and amend the cover page to reflect that these specific designations have been made. Counsel for the opposing Party may have immediate access to the deposition transcript, but prior to the page and line designations, shall treat the entire transcript as Confidential, if so designated at the deposition or within ten days of receipt of the initial transcript.

5.    If a Party contends that any document has been erroneously designated as Confidential, it shall nevertheless treat the document as Confidential unless and until it either (a) obtains the designating Party's written permission to do otherwise, or (b) identifies the specific document and, upon a showing of some need or resulting prejudice, obtains an order of this Court stating that the document is not confidential and shall not be given Confidential treatment. Nothing in this Order shall constitute a waiver of any Party's right to object to the designation of a particular

document as Confidential.

6. Confidential Materials shall be disclosed only to following persons, except upon the prior written consent of the designating Party or upon order of the Court:

a) This Court, including its staff and any jury selected in this case, under such safeguards as are provided in this Order or as are required by this Court in the event any Confidential Materials is to be used or introduced in connection with a hearing or at trial;

b) Present and subsequent in-house and outside counsel for the Parties to this action, together with their paralegals and clerical employees actually working on the case at any time;

c) Outside experts consulted or retained by counsel in connection with the preparation for trial or trial of this action;

d) Potential witnesses whose access to Confidential Materials is deemed by counsel for that Party to be appropriate to the prosecution or defense of this action. Disclosure of Confidential Materials to such a person shall be confined to those materials deemed necessary by counsel for that purpose;

e) Those officers or employees of a Party whose access to Confidential Materials is deemed by counsel for that Party to be appropriate to the prosecution or defense of this action. Disclosure of Confidential Materials to such a person shall be confined to those materials deemed necessary by counsel for that purpose;

f) The individual Parties to this action; and

g) Authorized representatives of insurance companies providing coverage and/or a defense to a Party.

7. It shall be the responsibility of counsel for each Party to this action to ensure that

individuals receiving Confidential Materials pursuant to this Order have been provided a copy of this Order, have knowledge of the terms of this Order, and agree to be bound by them.

8. In the event that any additional persons become parties to this litigation, no such additional party shall have access to the Confidential Materials until the party has executed and filed with the Court a copy of this Protective Order, agreeing to be bound thereby.

9. Confidential Materials shall not be used for any purpose outside of this litigation; such Confidential Materials shall not be disclosed except pursuant to the terms of this Protective Order, and shall not be used in any action or proceeding other than this litigation between the Parties without the written agreement of the Parties or without further order of this Court.

10. This Order shall be without prejudice to the right of any Party to oppose production of any information on any grounds other than confidentiality or to bring before the Court at any time the question whether any particular information is or is not in fact of a confidential nature as contemplated by the provisions of this Order. No Party shall be deemed as a result of this Order or any production pursuant to it to have waived any other right, defense or objection that otherwise might be interposed in the litigation.

11. This Order does not prohibit any Party from withholding any documents or information on the basis that such information or documents are not otherwise discoverable or of a privileged nature and should not be produced or disclosed under any circumstance.

12. Inadvertent production of documents or information which should or might have been designated "Confidential" without a "Confidential" designation shall not be deemed a waiver in whole or in part of a Party's claims of confidentiality; provided that a Party who becomes aware that its confidential documents or information have been inadvertently produced shall promptly notify all other Parties in writing of that fact and shall make such "Confidential" designations as

may be appropriate under this Order at that time.

13. Nothing contained in this Order shall prevent disclosure or use of any Confidential Materials in connection with the litigation of this case, so long as such disclosure or use is deemed necessary in the judgment of counsel proposing to disclose or use such material for the prosecution or defense of this action. In the event that a Party wishes to use information or documents designated as confidential in any document, pleading or deposition transcript filed in this litigation, such document, pleading or transcript (or the part thereof containing confidential material) shall be filed under seal and maintained under seal by the Court, subject to further order. Provided that any motion, memorandum, document or other paper filed with the Court is presumptively a public document and any decision of the Court regarding whether to allow any filing to be made under seal is subject to Local Rule 6.1 and applicable law.

14. At the completion of the above-styled lawsuit, the Parties shall, upon the request of any Party, destroy all confidential documents and copies thereof obtained during pre-trial discovery and proceedings. In the alternative, upon the request of any Party and with costs borne by that Party, all Parties shall return all confidential documents and copies thereof obtained through a production request to any such producing Party.

15. The ultimate disposition of the protected materials shall be subject to a final order of this Court upon completion of the litigation.

**SO ORDERED**.

Signed: January 19, 2021

David S. Cayer
United States Magistrate Judge

{00766754-1 }                             6

Case 3:20-cv-00314-KDB-DSC   Document 51   Filed 01/19/21   Page 6 of 6